Dear Mr. Pitre:
You have asked this office to advise whether Ms. Debi Benoit, recently elected to the Terrebonne Parish School Board, may continue to hold her position of full-time state employment with Nicholls State University as Director of the Office of Research and Sponsored Programs (ORSP).
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., govern our response to your question. Therein, La.R.S. 42:63 sets forth those public offices and employments which may not be held together. A school board member holds electiveoffice as defined by La.R.S. 42:62(1)[1], while an employee of Nicholls State University[2] holds employment in the executive branch of state government as defined by La.R.S. 42:62(6).[3]
La.R.S. 42:63(D) provides that no person holding an elective officein a political subdivision of this state shall at the same time hold. . . employment in the *Page 2 government of this state. While La.R.S. 42:63(D) prohibits an individual from holding state employment while serving as a school board member, there is an exemption in the law permitting one who is employed in aprofessional educational capacity to hold an elective office. La.R.S.42:66(B) provides:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Under La.R.S. 42:66(B), a person employed in a professional educational capacity by a university is permitted to hold elective office. While there is no definition of professional educational capacity found within the provisions of the dual officeholding statutes, this office has consistently interpreted this phrase to mean the following, as stated in La. Atty. Gen. Op. 94-278:
 The exemption found in La.R.S. 42:66(B) is for school teachers and those employed in a professional educational capacity in a school or other educational institution. Clearly, the class of employees intended to be exempted were those whose employment is concerned with the educational process.
[Emphasis added.]
While the clearest example of an individual employed in a professional educational capacity is the faculty member whose duties are dedicated to teaching classes, this office has recognized that personnel employed in primarily administrative capacities may nonetheless be considered professional educators, particularly where the individual is required to teach at least one class. See La. Atty. Gen. Op. 03-0197 (Lafourche Parish Councilman may also continue in his full-time unclassified employment as Director of Campus Recreation at Nicholls State University because he teaches classes during the fall semester); La. Atty. Gen. Op. 97-304 (the Dean of Career and Professional Programs at Elaine P. Nunez Community College, who teaches classes at the college, may also hold the elective office of member of the St. Bernard Parish School Board); and La. Atty. Gen. Op. 94-465 (the full-time Director of Student Activities and Organizations at Northwestern University may also serve as member of the Natchitoches Parish School Board because he is required to teach at least one three-hour course at the university).
Ms. Benoit's written job description indicates that as Director she oversees and is involved in all "faculty educational and research type grants." Her duties include "locating funding sources, proposal planning, grant writing, faculty and staff grant training (providing a minimum of two workshops annually), mentoring new *Page 3 
research faculty, negotiating awards, reviewing grant submissions, providing special research activities annually to generate new awards and an increased involvement of student researchers within grants, and act as liaison with faculty, the Colleges, and other University administrative and support office." Her job description also states "the Director must also be available to teach the following curriculum, on an as needed basis, University Studies and Program Evaluation."
While her duties are largely administrative, Ms. Benoit is required to teach grant-writing workshops to faculty members. She is also required to be available to teach university freshmen a "University Studies 101" class, and to teach graduate students a "Grant Program Evaluation" class; both classes are taught for university course credit.
Because she teaches grant-writing to faculty members, it is the opinion of this office that Ms. Benoit is employed in a professional educational capacity for purposes of the exemption contained in La.R.S. 42:66(B). As a person employed in a professional educational capacity by an educational institution, she is exempt from the limitation of La.R.S.42:63(D), which would otherwise prohibit her from holding the elective office of school board member.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
 Ms. Debi Benoit 120 Royce Street Houma, LA 70364
[1] La.R.S. 42:62(1) provides:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[2] Under La.R.S. 17:3217(4), the University of Louisiana system is composed of the institutions under the supervision and management of the Board of Trustees for State Colleges and Universities, including Nicholls State University at Thibodaux.
[3] La.R.S. 42:62(6) provides, in part:
(6) The executive branch of state government includes . . . employees . . . [of] . . . the Board of Trustees for State Colleges and Universities . . .